A CERTIFIED TRUE COPY
ATTEST

By Bonita Bagley on Aug 11, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

CEM

Aug 11, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MCDONALD'S FRENCH FRIES
LITIGATION
    Dave Havens, et al. v. McDonald's Corp.,
        D. New Jersey, C.A. No. 2:08-760 - 08CV4546

FILED: AUGUST 11, 2008
08CV4546
) JUDGE BUCKLO
)    MDL No. 1784

### TRANSFER ORDER

    **Before the entire Panel:** Plaintiffs in an action pending in the District of New Jersey have moved,[1] pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the action to the Northern District of Illinois for inclusion in MDL No. 1784. Defendant McDonald's Corp. (McDonald's) opposes the motion.

    After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of this action to the Northern District of Illinois for inclusion in MDL No. 1784 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Northern District of Illinois was a proper Section 1407 forum for actions involving allegations concerning whether McDonald's misled the public regarding the presence of gluten, wheat or dairy derivatives in its french fries. *See In re McDonald's French Fries Litigation*, 444 F.Supp.2d 1342 (J.P.M.L. 2006).

    Plaintiffs argue against transfer that, *inter alia*, the action should be excluded because they seek damages for personal injury, as opposed to solely economic damage claims. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. Several actions involving personal injury are already pending in the centralized proceedings. Further, transfer under Section 1407 has the salutary effect of placing related actions before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004); and 2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

---

[1] Plaintiffs' motion originally included an additional action pending in the District of Maryland (*Cannon*), which has since settled. Plaintiffs' motion to vacate the conditional transfer order issued in *Cannon* is thus moot.

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By s/ WILLIE A. HAYNES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: AUGUST 12, 2008

Should the circumstances regarding any MDL No. 1784 action develop such that the transferee judge determines that continued inclusion of a claim or action no longer remains advisable, and accordingly the transferee court deems Section 1407 remand of any claim or action appropriate, procedures are available whereby this may be accomplished with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Elaine E. Bucklo for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz         Robert L. Miller, Jr.
Kathryn H. Vratil         David R. Hansen